## FRANKENSTEIN v BEHRNDT et

Ohio Appeals, 1st Dist, Hamilton Co

Nos 5545 & 5548. Decided Dec 8, 1938

Eli G. Frankenstein, Cincinnati, and Landon L. Forchheimer, Cincinnati, for Eli G. Frankenstein.

J. G. DeFossett, Cincinnati, for Henry Behrndt and Dora Behrndt.

## OPINION

By MATTHEWS, J.

Appeal on questions of law from Court of Common Pleas, Hamilton County, Ohio.

The judgment from which the original appeal was taken was rendered by the Municipal Court of Cincinnati. That appeal was to the Court of Common Pleas of Hamilton County. On September 12th, 1938, that court entered a judgment of affirmance of the Municipal Court's judgment in favor of the plaintiff. On October 6th, 1938, the defendants filed a motion in the case in the Common Pleas Court to set aside the judgment of affirmance. The ground alleged was "mistake, negligence, or omission of the clerk and the irregularity of obtaining said judgment or order." This was after the end of the term at which the judgment was rendered.

On October 10th, 1938, the court heard the motion and found "that there was irregularity in the entering of said judgment, in that the court failed to note appellants' exceptions when requested so to do in a letter from appellants' counsel," and so finding the court sustained the motion and set the judgment aside.

On the same day the court entered a judgment of affirmance in the identical language of the one that it had just set aside, with the addition "To all of which appellants except."

The plaintiff appealed from the order sustaining the motion to set aside the first judgment entered by the Court of Common Pleas. The defendants appealed from the judgment of affirmance finally entered against them by that court.

The defendants' appeal now comes before this court upon the plaintiff's motion to dismiss on the ground that this court's jurisdiction was not invoked within the time prescribed by law.

The notice of intention to appeal was filed by the defendants in the office of the clerk of the Court of Common Pleas on October 18th, 1938. This was within twenty days of the last judgment entry by the Common Pleas Court in this case, but not within twenty days of the first judgment entry.

The basis of the plaintiff's contention is that as the entry of the Court of Common Pleas shows that there was no ground for setting aside the judgment after the end of the term that, therefore, the act of the court was not merely erroneous, but was absolutely void and had no effect to disturb the judgment which the court assumed

**356**

to set aside. In other words, it is claimed that under the circumstances shown, the court was without power.

That there was no legal ground for setting aside the judgment is clear. Reserving an exception to a final ▮▮ judgment is an idle ceremony. It is unnecessary. It neither widens nor narrows the scope of review. In 2 O. Jur. 240. it is said that "in order that a final judgment of a court may be reviewable, it is not necessary that the party seeking its reversal should have accepted to such final judgment or decree at the time of its rendition." Many cases are cited in support of the text. See also, **Central Gas Co. v Hopewell Oil Co., 113 Oh St 354, 359,** and **Gibbs v Ry. Co., 111 Oh St 498, 501.**

As the noting of an exception would have had no legal effect, its omission could not be considered an irregularity ▮▮ in the entering of the judgment. The court, therefore, erred in sustaining the motion to set aside the judgment.

But it does not follow that the action of the court was a nullity. An erroneous order of a court having jurisdiction until modified or reversed is as effective as an order not predicated upon error. The jurisdiction to decide includes the jurisdiction to decide erroneously.

By §11631, GC, the court is given jurisdiction, under certain circumstances. to set aside judgments and grant a new trial after the term at which they are rendered. One of the grounds set forth in that section is "For mistake. neglect or omission of the clerk, or irregularity in obtaining the judgment." And by §11634, GC, the method prescribed for invoking the jurisdiction of the court upon this ground is by motion.

The record shows that the jurisdiction of the court was invoked upon the statutory ground and in the statutory method. That was sufficient to invest the court with power to act. The fact that the ground was stated indefinitely, and that no valid ground was proven did not withdraw the power to act. As we view it the record presents an error in the exercise of lawful jurisdiction, not an act done without and beyond the power of the court.

Our conclusion is, that the order vacating the judgment was erroneous, and that it is of such a final character ▮▮ as to be reviewable by this court. 2 **Ohio Jur., §129.** It appears that this conclusion disposes of all issues in both of these appeals and that the appropriate entry in each is dictated by giving legal effect to this conclusion.

It follows that the order should be reversed and the cause remanded with instructions to overrule the motion to vacate the original judgment. As the court erred in vacating the original judgment, the re-entry of the same judgment was likewise erroneous. The effect of all this is to leave the original judgment in full force and effect.

While the record shows that the judgment for the plaintiff has become final by the expiration of the time for appeal, the journal entry of October 10th, 1938, has become a duplicate entry of that judgment, in view of the action of this court in reversing the order setting aside the prior judgment.

Therefore, while affirming the judgment for the plaintiff case No. 5548 should be remanded to the Common Pleas Court with instructions to vacate the judgment entry of October 10th, 1938.

The costs are adjudged against the defendants in both appeals.

Entries may be presented in accordance with this opinion.

ROSS, PJ, and HAMILTON, J, concur.