THE CENTRAL HYDE PARK SAVINGS & LOAN CO., APPEL-
LEE, *v.* FECK ET AL., APPELLANTS, ET AL., APPELLEE.

(No. 6542—Decided November 13, 1945.)

*Mr. Gordon Rich,* for appellee The Central Hyde
Park Savings & Loan Company.

*Mr. William R. Collins,* for appellants Walter Feck and George E. Thurner.

*Mr. Aubrey M. Foiles,* for appellee William H. Barber.

Ross, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, Ohio.

The original action instituted by the plaintiff was for foreclosure of a mortgage and recovery of the amount of balance due on a note secured by such mortgage. The plaintiff, an appellee herein, is The Central Hyde Park Savings & Loan Company. The defendants Walter Feck and Emma Feck were owners of the real estate involved and mortgagors. The defendant William H. Barber held a money judgment against the Fecks, which at the time the action was commenced, was a junior lien to that of the plaintiff. George E. Thurner purchased the real estate from the Fecks.

Walter Feck and George E. Thurner are the appellants.

The question presented by this appeal arises by reason of the dismissal of the original action by the plaintiff, whose mortgage claim was satisfied. The court made entry of such dismissal.

Later Barber, the judgment creditor, succeeded in causing the court to vacate the entry dismissing the action, as far as he personally was concerned, the action then being reinstated to the extent of permitting Barber to prosecute his cross-petition against the Fecks and Thurner, the purchaser, so far as the latter was involved. The motion to vacate was filed after the term in which the entry of dismissal was made.

From that judgment, vacating in part the former entry of dismissal and reinstating the action as to

Barber, the Fecks and Thurner appeal on questions of law.

The primary question thus presented is whether a contest between codefendants may be retained after the dismissal of the principal action by the plaintiff.

A secondary question is presented, owing to the fact that the Barber judgment became dormant after the filing of his cross-petition but prior to the dismissal of the action by the plaintiff. This question is whether the filing of a cross-petition in an action for foreclosure prevents dormancy of a judgment held by such cross-petitioner, in the absence of the usual procedure required to prevent such dormancy.

A third, and probably a preliminary question, is also raised by the appellants in that the original entry of dismissal of the action was modified as to Barber upon his motion, instead of upon a petition. Such action in modifying the original entry being after term, it is claimed that such modification or vacation of the former entry of dismissal could occur only upon petition to vacate, and that such vacation or modification having taken place upon motion of Barber, such judgment of vacation or modification must be set aside by this court.

Section 11634, General Code, provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action. But the motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 11631, General Code (103 Ohio Laws, 426), provided in part:

"The Common Pleas Court or the Court of Appeals

may vacate or modify its own judgment or order, after the term at which it was made:

"1. By granting a new trial of the cause, within the time and in the manner provided in section eleven thousand five hundred and eighty.

"2. By a new trial granted in proceedings against defendants constructively summoned as provided in section eleven thousand two hundred and ninety-six.

"3. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

Section 11635, General Code, provides:

"The proceedings to vacate the judgment or order on the grounds mentioned in divisions four, five, six, seven, eight, nine and ten, of the first section in this chapter [G. C. Section 11631], shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and, if the party applying was defendant, the defense to the action. On such petition a summons shall issue and be served as in the commencement of an action."

Therefore, if the original entry of dismissal was due to any "irregularity in obtaining" such order, a motion to vacate such original entry of dismissal would meet the procedural requirements involved.

It is obvious, if the position of Barber is correct, that the court was in error in dismissing the action as far as the codefendants were concerned. It appears from the evidence that Barber had no notice of any kind that the court intended to dismiss the action. If the court was in error in dismissing the action as to Barber, the entry of such judgment of dismissal without any notice to him or his attorney of record would constitute an irregularity in obtaining the judgment, justifying its vacation or modification upon motion. There is no certificate by the trial court that the bill of exceptions presented to this court contains all the evidence presented to that court. There is always a

presumption in favor of the regularity of a judgment of a court of record, and that the same in absence of an affirmative showing to the contrary was based upon sufficient evidence. See 2 Ohio Jurisprudence, 438, 449, Sections 383, 393; *Lyons* v. *Weihe,* 62 Ohio App., 527, 24 N. E. (2d), 835.

Upon this preliminary question, therefore, it must be concluded that the final judgment of vacation cannot be attacked because the same was predicated upon motion rather than petition.

Incidentally, there can be no doubt that such final judgment, modifying the former action of the court, constituted a final order from which appeal on questions of law may be taken to this court. *Van Camp* v. *McCulley, Trustee,* 89 Ohio St., 1, 104 N. E., 1004. In that case the vacation was upon motion after term. At page 8 of the opinion it is stated:

"The discretionary control of the court over its own orders and judgments, during the term at which they are entered, ends with the term. The power of the court to set aside or vacate its judgments, subsequent to the term, is governed by settled principles to which the action of the court must conform, and for a departure from which the judgment or order of vacation may be reversed on proceedings in error."

The second paragraph of the syllabus in *Frankenstein* v. *Behrendt,* 60 Ohio App., 403, 21 N. E. (2d), 678, is:

"A Common Pleas Court having jurisdiction to set aside a judgment by motion after term on certain grounds set forth in Section 11631, General Code, an order, although erroneous, setting aside a judgment on one of such enumerated grounds, is not a nullity, but is a final order which may be reviewed."

See, also, *Cox* v. *Cox,* 104 Ohio St., 611, 136 N. E., 823; *Chandler & Taylor Co.* v. *Southern Pacific Co.,* 104 Ohio St., 188, 194, 135 N. E., 620.

Proceeding then to the primary question: Did the dismissal of the action by the plaintiff foreclose the codefendants from further litigating issues defined by the pleadings?

In the first place, the plaintiff is not in any way affected by the vacation of the order of dismissal. The effect of such order of vacation is to reinstate the codefendants Barber, Thurner and the Fecks in the position they had at the time of the entry of the original order, with the exception that the lien of the plaintiff is removed. How are the appellants, therefore, prejudiced? The only real result is to remove the claim of the plaintiff against them. Had it not been removed, they would have proceeded to assert their respective rights upon the subject of the action, to wit, the real estate, as they will now do under the modified order.

It is true that the claim of the plaintiff might have exhausted the proceeds of the sale of Fecks' property. How are the appellants prejudiced in that the real estate is still required to respond to the junior lien upon such premises? Such prejudice does not appear. No question is raised as to the right of plaintiff to dismiss its action. Certainly, it had such right. Section 11587, General Code, provides:

"If a set-off or counterclaim be pleaded, the defendant shall have the right to proceed to a trial of his claim although the plaintiff has dismissed his action, or fails to appear."

The language of this section is unqualified. The case of *Orndorff* v. *Ohio Power Co.*, 75 Ohio App., 94, 98, 61 N. E. (2d), 213, has been cited by appellants as having some bearing upon their contention. The applicability of the pronouncement in that case to the instant situation is not apparent.

There is another consideration which seems pertinent to this question. The defendant Barber was seeking no affirmative relief against his codefendants.

He merely joined in the prayer of the plaintiff for sale of the premises upon foreclosure and prayed that the liens be marshaled, and that, upon distribution of the proceeds of sale, he be paid the amount of his lien. To such extent the action was one *in rem*.

The prayer of the plaintiff for personal judgment against the Fecks being eliminated, the action becomes clearly one *in rem*. The real estate involved was the subject of the action. *Wood & Pond* v. *Stanberry*, 21 Ohio St., 142, 149; *Caldwell Bldg. & Loan Assn.* v. *Bigley*, 2 C. C. (N. S.), 297, 15 C. D., 431. The plaintiff, having brought the subject into this action *in rem*, cannot now withdraw it from the claims of defendants who have a direct and continuing interest in such subject of action. The plaintiff may withdraw its interest in the subject of the action, but this cannot affect the continuing rights of the defendants in the same.

The defendant Barber is seeking no relief against the Fecks or Thurner. His claim is against the subject of the action. Barber has his judgment. He seeks only its satisfaction from the real estate. He had a perfect right to seek such relief in the instant action and no act of the plaintiff can deprive him of that right now. 31 Ohio Jurisprudence, 815, Section 227.

Upon the second question, that involving the dormancy of the judgment after the cross-petition of Barber was filed, the authorities are in accord that the filing of a petition or cross-petition in an action to marshal liens prevents any loss of lien by the petitioner or cross-petitioner by reason of the fact that his judgment may otherwise become subsequently dormant. *Lawrence* v. *Belger*, 31 Ohio St., 175; *Sullivan* v. *Hart*, 2 O. D. (N. P.), 592, 32 W. L. B., 185; *Dempsey* v. *Bush*, 18 Ohio St., 376; *Cincinnati* v. *Hafer*, 49 Ohio St., 60, 30 N. E., 197; *Bauman* v. *Goulet*, 2 C. C. (N. S.), 251, 15 C. D., 473.

The very fact that such is the law is another im-

pelling consideration in sustaining the status of the defendant Barber after dismissal of the action by the plaintiff. His judgment lien is thus still retained.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur in the syllabus, opinion and judgment.